# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITRO FLAT GLASS, LLC and VITRO, S.A.B. DE C.V., <br><br> Plaintiffs, <br><br> v. <br><br> MASONITE CORPORATION, <br><br> Defendant. | Civil Action <br><br> No. _____ <br><br> **JURY TRIAL DEMANDED** <br><br> *Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vitro Flat Glass LLC ("Vitro Flat Glass") and Vitro, S.A.B. de C.V. ("Vitro S.A.B.") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby alleges the following for their Complaint against Defendant Masonite Corporation ("Masonite").

## THE PARTIES

1. Vitro Flat Glass is a Delaware limited liability company with a place of business at 400 Guys Run Road, Cheswick, PA 15204.

2. Vitro S.A.B. is a publically-traded corporation organized under the laws of Mexico. Vitro S.A.B. has a principal place of business of located at Keramos 225 Poniente, Col. Del Prado, 64410 Monterrey, Nuevo Leon, Mexico. Vitro manufactures and sells, *inter alia* glass and glass products in multiple countries.

3. Vitro Flat Glass is a wholly-owned subsidiary of Vitro S.A.B.

4. Upon information and belief, Masonite is a corporation organized under the laws of the State of Delaware, having a principal place of business at 201 N. Franklin Street, Suite 300, Tampa, FL 33602.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. Upon information and belief, this Court has personal jurisdiction over Masonite because Masonite has committed acts of infringement in this district.

8. Upon information and belief, Masonite is doing business in this judicial district and this Court has personal jurisdiction for this additional reason.

9. Upon information and belief, venue is proper under 28 U.S.C. §§ 1391 and 1400 because Masonite has committed acts of infringement in this district, and has a regular and established place of business in this district.  Upon information and belief, Masonite has a regular and established place of business at least in Northumberland County, Pennsylvania, which is in this district.  Upon information and belief, Masonite has committed acts of infringement at least at its Northumberland County, Pennsylvania facility.

## **FACTS**

10. On August 12, 1997, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 5,655,282 ("the '282 patent"). A true and correct copy of the '282 patent is attached hereto as Exhibit 1.

11. Vitro S.A.B. is the owner of all right, title and, interest to the '282 patent.

12. On October 14, 1997, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 5,675,944 ("the '944 patent"). A true and correct copy of the '944 patent is attached hereto as Exhibit 2.

13. Vitro S.A.B. is the owner of all right, title and, interest to the '944 patent.

14. On June 9, 1998, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 5,761,946 ("the '946 patent"). A true and correct copy of the '946 patent is attached hereto as Exhibit 3.

15. Vitro S.A.B. is the owner of all right, title and, interest to the '946 patent.

16. Collectively, the '282, '944, and '946 patents are referred to herein as "the patents-in-suit."

17. Vitro Flat Glass is a licensee of the patents-in-suit.

18.     Upon information and belief, in or about June of 2000, PPG Industries Ohio, Inc., the predecessor-in-interest to Vitro S.A.B. with respect to the patents-in-suit, entered into a licensing agreement with Specialty Building Products, Ltd. ("Specialty"), to practice Canadian Patent Nos. 2,049,703 and 2,125,504 ("the Canadian Patents") in Canada.  The Canadian Patents relate to a low thermal conducting spacer assembly for an insulating glazing unit, and method for making the same, and are related to the patents-in-suit.  The license agreement did not include the patents-in-suit, nor did it contemplate practicing any United States patent.

19.     Upon information and belief, in early 2008, Masonite amalgamated with Specialty, and moved the equipment used by Specialty to practice the Canadian Patents to Pittsburg, Kansas.

20.     Upon Information and belief, after moving the Specialty machinery to the United States, Masonite used and continues to use the Specialty equipment to manufacture insulating glass inserts, which it markets and sells in interior and exterior doors.  The insulating glass inserts may be included in the door itself, and/or in transoms or sidelites associated with the door.

21.     Upon information and belief, Masonite continued to pay royalties on its use of the equipment in the United States until August of 2010.

22.     Masonite incorrectly advised Vitro's predecessor-in-interest that the relevant United States patents expired on September 10, 2010.

23.     The patents-in-suit did not expire on September 10, 2010.

24. Upon information and belief, the manufacture, marketing, and sale of the glass inserts manufactured with the Specialty and similar equipment in the United States infringed one or more claims of the patents-in-suit. Masonite's manufacture, marketing, and sale of infringing products was done during the lives of the patents-in-suit. Upon information and belief, the Specialty and similar equipment used by Masonite in the United States, and the glass inserts manufactured thereby, have no substantial non-infringing use.

25. Upon information and belief, at least the following Masonite product styles of rectangular inserts manufactured, marketed, and/or sold during the lives of the patents-in-suit were manufactured according to an infringing method, and themselves infringed the patents-in-suit. Alston, Aria, Aurora, Brise, Chord, Cuzco, Element, Fundy, Georgian, Glace, Iron Springs, Kordella, Madrid, Marquise, Monaco, Mondrian, Naples, Navarro, Oxford, Panama, Pear, Quattro, Rockland, Sienna, Woodbridge, and Zavalla, and clear inserts. See Exs. 4 and 5.

26. Upon information and belief, infringing inserts have been used at least in AvantGuard, Barrington, VistaGrande, Belleville, Oakcraft, Sta-Tru, Sta-Tru HD, and Masonite HD style doors, transoms, and sidelites.

27. Upon information and belief, Masonite induced third parties to market and sell at least the above-recited infringing products during the lives of the patents-in-suit. Masonite induced retailers to market and sell the above-recited infringing products during the lives of the patents-in-suit.

28. Upon information and belief, Masonite had actual knowledge that its above-recited actions during the lives of the patents-in-suit infringed the patents-in-suit. Masonite paid royalties for the manufacture, sale, offers for sale, and export of the above-recited infringing products that were made in the United States from 2008 through August 2010.

29. At least as early as July 21, 2011, Masonite was explicitly informed by the predecessor-in-interest to Vitro S.A.B. that Masonite requires a license to practice the technology protected by the patents-in-suit.

30. Upon information and belief, Masonite committed its acts of infringement of the patents-in-suit within the limitations period set forth in 35 U.S.C. § 286.

## COUNT I

### (INFRINGEMENT OF THE '282 PATENT)

31. Plaintiffs incorporate by reference herein the averments set forth in paragraphs 1 – 30 hereof as if set forth herein in their entirety.

32. During the life of the '282 patent, Masonite infringed at least one claim therein by manufacturing, marketing, selling, and/or offering to sell at least one of at least the above-recited styles of doors, transoms, and/or sidelites with rectangular inserts under 35 U.S.C. § 271. Masonite directly infringed, contributorily infringed, and/or induced the infringement of the '282 patent.

33. Masonite's activities in infringing the '282 patent were willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

## COUNT II

## (INFRINGEMENT OF THE '944 PATENT)

34. Plaintiffs incorporate by reference herein the averments set forth in paragraphs 1 – 33 hereof as if set forth herein in their entirety.

35. During the life of the '944 patent, Masonite infringed at least one claim therein by manufacturing, marketing, selling, and/or offering to sell at least one of at least the above-recited styles of doors, transoms, and/or sidelites with rectangular inserts under 35 U.S.C. § 271.  Masonite directly infringed, contributorily infringed, and/or induced the infringement of the '944 patent.

36. Masonite's activities in infringing the '944 patent were willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

## COUNT III

## (INFRINGEMENT OF THE '946 PATENT)

37. Plaintiffs incorporate by reference herein the averments set forth in paragraphs 1 – 36 hereof as if set forth herein in their entirety.

38. During the life of the '946 patent, Masonite infringed at least one claim therein by manufacturing, marketing, selling, and/or offering to sell at least one of at least the above-recited styles of doors, transoms, and/or

sidelites with rectangular inserts under 35 U.S.C. § 271. Masonite directly infringed, contributorily infringed, and/or induced the infringement of the '946 patent.

39.  Masonite's activities in infringing the '946 patent were willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

**WHEREFORE**, Plaintiffs pray:

A.  that a decree be entered adjudging that Masonite has infringed the claims of United States Patent Nos. 5,655,282, 5,675,944, and 5,761,946, and that such infringement was willful;

B.  that Masonite be ordered to pay damages to Vitro pursuant to 35 U.S.C. § 284, including interest from the dates of infringement, resulting from Vitro's infringement of United States Patent Nos. 5,655,282, 5,675,944, and 5,761,946;

C.  that Masonite be ordered to pay to Plaintiffs treble damages pursuant to 35 U.S.C. § 284, resulting from Masonite's willful infringement of United States Patent Nos. 5,655,282, 5,675,944, and 5,761,946;

D.  that Plaintiffs be awarded the costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285; and

E.  that Plaintiffs be awarded such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury for all issues triable by a jury.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: September 20, 2017

s/ *John W. McIlvaine*
John W. McIlvaine
PA ID No. 56773
Thomas C. Wolski
(*pro hac* forthcoming)
PA ID No. 203072
David A. DuMont
(*pro hac* forthcoming)
PA ID No. 205858

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
jmcilvaine@webblaw.com
twolski@webblaw.com
ddumont@webblaw.com

*Attorneys for Plaintiffs*

9